IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RANDY LAQUAWN WILLIAMS TRUST,

        Plaintiff,

    v.

JAMES P. MURPHY, *et al.*,

        Defendants.

Civil Action No.
5:18-CV-0168 (BKS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

RANDY LAQUAWN WILLIAMS, *Pro se*
#00000607
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13201

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff Randy Laquawn Williams Trust ("Trust"), an entity that appears in this action *pro se* through trustee Randy Laquawn Williams ("Williams"), has commenced this civil rights action, pursuant to 42 U.S.C.

§ 1983, against several employees of the New York Unified Court System, including the Honorable James P. Murphy, a justice of the New York State Supreme Court, and two members of his staff, as well as the Onondaga County Clerk. Williams alleges that his constitutional rights and those of his Trust were violated when three state court actions commenced by the Trust and/or Williams were dismissed *sua sponte* by Justice Murphy.

Filed together with plaintiff's complaint was an application for leave to proceed *in forma pauperis* ("IFP"). Plaintiff's complaint and accompanying application for leave to proceed without prepayment of fees were referred to me for review. By decision and order dated February 16, 2018, I denied plaintiff's motion for leave to proceed IFP, without prejudice to the right of Williams to seek IFP status in his role as trustee of the Trust, and stayed the action for sixty days in order to (1) afford the Trust the opportunity to retain counsel and pay the applicable fee for commencing the action; or (2) name Randy Laquawn Williams, as trustee on behalf of the Randy Laquawn Williams Trust, as the plaintiff, file an application to proceed IFP for Williams, as trustee, and also retain counsel to represent Williams, as trustee. In my order, I advised that if neither of those events occurred within the specified sixty-day period, I would recommend that plaintiff's complaint in the action be dismissed.

2

Plaintiff has taken no further action in this case to meet the requirements of my February 16, 2018 order. Accordingly, because more than sixty days have elapsed since the date of that order, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this matter be DISMISSED in its entirety, without prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[1] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

---

[1] If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Dated: April 26, 2018
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge

y

Dated:   April 26, 2018
         Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge