UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**RANDY LAQUAWN WILLIAMS TRUST,**

               **Plaintiff,**

v.                                                    5:18-CV-0168 (BKS/DEP)

**JAMES P. MURPHY,** *et al.*,

               **Defendants.**
_____

Appearances:

Randy Laquawn Williams
# 00000607
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13201
Plaintiff, pro se

**Hon. Brenda K. Sannes, United States District Judge:**

<b>MEMORANDUM-DECISION AND ORDER</b>

      Plaintiff Randy Laquawn Williams Trust (the "Trust"), appearing pro se through trustee Randy Laquawn Williams, commenced this action on February 9, 2018, asserting claims under 42 U.S.C. § 1983.  (Dkt. No. 1).  This matter was assigned to United States Magistrate Judge David E. Peebles who, on February 16, 2018, issued an Order denying Plaintiff's motion for leave to proceed *in forma pauperis* and staying this case for sixty days in order to (1) give the Trust an opportunity to retain counsel and pay the applicable filing fee for the action; or (2) name Randy Laquawn Williams, as trustee on behalf of the Randy Laquawn Williams Trust, as plaintiff, file an application to proceed *in forma pauperis* for Williams, as trustee, and also retain counsel to represent Williams, as trustee.  (Dkt. No. 4).  Magistrate Judge Peebles explained that

the Complaint was deficient because a pro se trustee may not represent the Trust. (*Id.*, at 6). Plaintiff was advised that if neither of these two events occurred on or before the expiration of the sixty-day period, the court would recommend that Plaintiff's Complaint be dismissed. (*Id.*, at 7). Plaintiff did not file anything in response to this Order. On April 26, 2018, Magistrate Judge Peebles issued a Report and Recommendation, recommending that Plaintiff's Complaint be dismissed in its entirety without prejudice. (Dkt. No. 5). Magistrate Judge Peebles advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 5, at 3). No objections to the Report and Recommendation have been filed.

As no objections to the Report and Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report and Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report and Recommendation for clear error and found none, the Court adopts the Report and Recommendation in its entirety.

For these reasons, it is

**ORDERED** that the Report and Recommendation (Dkt. No. 5) is **ADOPTED** in its entirety; and it is further

**ORDERED** that plaintiff's complaint is **DISMISSED** in its entirety, without prejudice; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon plaintiff in accordance with

2

the Local Rules.

    **IT IS SO ORDERED.**

    **Dated:** May 21, 2008
           Syracuse, New York

Brenda K. Sannes
U.S. District Judge